**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crystal Long,<br><br>          Plaintiff,<br><br>vs.<br><br>Maricopa Community College District, et al.,<br><br>          Defendants. | No. CV 12-00112-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiff Crystal Long's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3), otherwise known as a motion for leave to proceed *in forma pauperis*. The Court will grant Long's *in forma pauperis* application and screen her complaint. Screening her complaint reveals defects that require the Court to dismiss it, but she will receive an opportunity to amend.

**I.      LEGAL STANDARD**

Permitting Long to proceed *in forma pauperis* obligates this Court to screen her complaint under the following standards.

     **A.      Screening Standard**

When this Court permits a party to file *in forma pauperis*, the Court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune

from such relief." 28 U.S.C. § 1915(e)(2). While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, § 1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all *in forma pauperis* complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Id.*

### B.  Standard for Stating a Claim

To state a claim for relief under Federal Rule of Civil Procedure 8(a), a plaintiff must make "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This "short and plain statement" must also be "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A claim is plausible if it contains sufficient factual matter to permit a reasonable inference that the defendant is liable for the conduct alleged. *Id*. A proper complaint needs no "formulaic recitation of the elements of a cause of action," *see Twombly*, 550 U.S. at 555, but the complaint must at least contain "[f]actual allegations [sufficient] to raise a right to relief above the speculative level," *id*. All of the plaintiff's plausible factual allegations are accepted as true and the pleadings are construed in a light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Further, despite *Twombly* and *Iqbal*, courts continue to construe *pro se* filings liberally, and give such plaintiffs "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## II.  BACKGROUND

Long's complaint is extremely thin on detail. It appears that she was a nursing student at Scottsdale Community College, and was dismissed from the program for failure to meet certain academic standards. She now sues the Maricopa County Community College District ("District") and nine individuals, alleging four causes of action and claiming that the complaint supports additional causes of action.

### III. ANALYSIS

#### A. Intentional Interference with Contract

Long alleges that "the named employees of the [District], including Donna Lofaso, Jennifer Quinn, Nick Defalco, and Debbie Dollmeyer, intentionally interfered with [her] contractual relationship with [the District] . . . by participating in and making a decision to withdraw her from Block 2 of the Scottsdale Community College nursing program, allegedly due to her obtaining a failing grade in her clinical program in the fall semester 2010." This is insufficient to state a cause of action. Long does not identify the nature of the contract with the District (*i.e.*, what each party to the contract agreed to do), nor does she allege what was improper about these defendants' actions, nor does she identify the damages she suffered. This cause of action will therefore be dismissed with leave to amend, so that Long may supply the details that are currently lacking.

#### B. Section 1983: First Amendment

Long claims that "by involuntarily withdrawing her from Block 2 and denying her failing grade appeal, her First Amendment rights have been violated." Long does not identify what part of the First Amendment has been violated (*i.e.*, its protections for religious expression, speech, or assembly). Long does not explain how dismissal from her nursing program and denying her grade appeal violated these rights. Long does not identify who specifically is responsible for this alleged violation. This cause of action will therefore be dismissed with leave to amend, so that Long may supply the details that are currently lacking.

#### C. Section 1983: Fourteenth Amendment (Equal Protection "Class of One")

Long claims that "she has been intentionally treated differently from other similarly situated employees and there is no rational basis for the difference in treatment. Ms. Long was treated differently because of her age and free expression that she was being so treated." This claim may fit better under her First Amendment cause of action, claiming retaliation. But in any event, she does not identify any reason to believe that she

was treated differently from similarly situated persons for no rational reason. This cause of action will therefore be dismissed with leave to amend, so that Long may supply the details that are currently lacking.

### D.     Section 1983: Fourteenth Amendment (Due Process "Stigma-Plus")

Long alleges that "the [District] and the individuals named made false and disparaging remarks about Ms. Long and thereby damaged her reputation. By involuntarily withdrawing her from the program and making false statements that she had not attained sufficient competency in the clinical program, rise [*sic*] to a claim known as a 'stigma-plus' claim." She further claims that she was denied a hearing to clear her name.

Assuming for purposes of argument that Long has a "stigma-plus" claim, she has identified no basis for believing that she had not in fact failed to attain sufficient competency in the clinical program. Therefore, she has not alleged a basis for believing that any false statement was made. Nor has she specifically identified the defendants who made any such statement, and who heard the statement. Finally, she has not alleged how this supposedly false statement has damaged her. This cause of action will therefore be dismissed with leave to amend, so that Long may supply the details that are currently lacking.

### E.     "Other Claims"

Under the heading "Other Claims," Long states that "the facts recited herein also support additional claims, including breach of contract, invasion of privacy, defamation, and intentional infliction of emotional distress." If Long intends to pursue any of these claims, she must specifically allege them and explain how the facts alleged satisfy those causes of action.

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint (Doc. 1) is DISMISSED with leave to file an amended complaint by March 9, 2012.

IT IS FURTHER ORDERED that if Plaintiff chooses not to file an amended complaint by March 9, 2012, the Clerk shall dismiss this action without further order of this Court.

IT IS FURTHER ORDERED that if Plaintiff chooses to file an amended complaint, the complaint may not be served until and unless the Court screens the amended complaint pursuant to 18 U.S.C. § 1915(e)(2).

Dated this 22nd day of February, 2012.

_____
Neil V. Wake
United States District Judge